# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLOTTE JANS as parent and natural
guardian of minor child Sarah Grace Jans ,**

**Plaintiffs,**

**-vs-**                                                    **Case No.  6:05-cv-1534-Orl-31JGG**

**THE GAP STORES, INC. and THE GAP
STORES, INC. #4404, CHIN HENG
GARMENTS FACTORY, PTE, LTD,**

**Defendants.**

---

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 73)** |
| **FILED:** | **July 28, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff, Charlotte Jans, sues on behalf of her minor daughter who claims to have suffered severe bodily injury when the t-shirt she was wearing caught fire.  Defendant, The GAP, sold the t-shirt.  The parties recently informed the Court in a separate motion that issues exist regarding the identification of the t-shirt worn by Jans's daughter at the time of her injury.  Docket No. 79. At this point, it is unsettled whether the t-shirt in question was an adult sized t-shirt or a children's t-shirt. Docket 76 at 1; Docket 79 at 2.

At issue before the Court is Plaintiff's motion to compel The GAP to produce documents.  For the reasons set forth below, the motion is granted.

1.      **Request Nos. 1-15**:

Plaintiff propounded 15 requests to The GAP that ask for various expert reports relating to the flammability of its products.  The "Preamble" to the requests states that The GAP "may limit [its] production to 10 years prior to June 12, 2003."   According to correspondence between counsel following The GAP's response, Plaintiff intended to limit her requests to previous litigation that occurred between June 12, 1993, and June 12, 2003.  Doc. 73 at 49.  Further, the Preamble specifically excluded privileged documents, and sought only those experts reports that were provided to the opposing party or to The GAP in prior litigation.

The GAP opposes the production on two grounds: 1) that outside counsel has no duty to produce documents from prior litigation; and 2) the Plaintiff cannot prove The GAP was placed on notice of the defectiveness of its products based on expert reports produced in litigation.  The GAP is wrong.  Reports produced in prior litigation may have resulted in notice to The GAP regarding potential defects.   The Court will not deny the discovery on these grounds.  Further, as discussed below, The GAP's counsel has a duty to search its files and to produce the requested reports.

The GAP must produce not only documents that it possesses, but also documents that it controls.  Fed. R. Civ. P. 34.  "Control" is defined as the "legal right to obtain documents requested upon demand."  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  Numerous cases have held that a client has a legal right to demand documents from its former or present counsel.  *See, Am. Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D.

209, 212 (D.D.C. 2006) ("Because a client has the right, and ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000); *Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D. Ohio 1964) ("If Rule 34 is to be used, then possession by the lawyer must mean control of the party, since the rule only applies to parties."); *MTB Bank v. Fed. Armored Express, Inc.*, 1998 WL 43125 *4 (S.D.N.Y. 1998) ("[t]he clear rule is that documents in the possession of a party's current or former counsel are deemed to be within the party's 'possession, custody and control.'").

Further, the term "control" is broadly construed. *See*, *M.L.C., Inc. v. N. Am. Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y. 1986). Thus, where the same attorney represents a corporate parent and, in subsequent litigation, its subsidiary corporation, the subsidiary has "control" over documents the attorney acquired through its representation of the parent corporation. *Id.* at 138. Additionally, where a party has control over the documents, the party may be required to produce them regardless of whether the documents are beyond the court's jurisdiction. *Id*. at 136.

By appearing *pro hac vice* in this action, The GAP's current counsel is subject to the Code of Responsibility and other ethical limitations applicable to members of the Florida Bar. Rule 4-1.16(d) of the Rules Regulating the Florida Bar requires an attorney to surrender to the client all papers and property to which the client is entitled upon termination of the representation.[1]

---

[1] This is not a criminal case in which the work product of a court appointed attorney is the property of the attorney and not the client. *Long v. Dillinger*, 701 So.2d 1168 (Fla. 1997); *but see, Potts v. State of Florida*, 869 So.2d 1223, 1225 (Fla. Dist. Ct. App., 2d Dist. 2004) (transcripts paid for at public expense become the client's property).

Plaintiff in this action does not seek any work product or privileged documents, but only those expert reports that were actually disclosed in prior litigation.  These reports were paid for by The GAP in one way or another – either through the payment of fees to its own experts or payment to take depositions of opposing experts to which the expert's report was attached as an exhibit.  Thus, the requested documents are documents The GAP controls as it has a legal right to demand the documents from its counsel.

In Florida, an attorney serves as the client's agent, and the attorney's acts are deemed the acts of the client.  *Boros v. Carter*, 537 So. 2d 1134 (Fla. Dist. Ct. App., 3d Dist. 1989).  The agency relationship further requires The GAP's counsel to produce responsive documents from its files.  Therefore, to the extent The GAP's counsel possesses responsive documents in its files, including files from former litigation involving The GAP, counsel has an obligation to search its files and to produce the responsive documents.[2]

**Request No. 16**:

Plaintiff asked The GAP to produce publications or studies from prior litigation that reported the number of clothing fires.  As with the preceding requests, The GAP construed the request to relate solely to this litigation, and stated it had not conducted the research.  The GAP also objected to producing documents possessed by its attorneys.  The GAP, however, did not specifically oppose Plaintiff's motion as to this request.  For the reasons stated above, The GAP's counsel has an obligation to search its files and to produce non-privileged documents.

---

[2] By discussing the Florida Bar rules, the Court does not intend to limit its ruling to current counsel, although it appears that current counsel possesses responsive documents.  Docket 73 at 51.

**Request Nos. 17-33:**

Plaintiff's Request Nos. 17-33 ask The GAP to produce various hazard data analyses or studies. The GAP's response can best be summarized as objecting that the requested information was in the public domain and, therefore, it had no obligation to produce the records. In response to the motion, however, The GAP argues that because of its large multinational operations, a worldwide search of its files "would be virtually a physical impossibility." Docket No. 76 at 6. The GAP apparently did not raise the argument about the alleged undue burden of searching for the requested documents until Plaintiff filed her motion to compel. See Docket No. 73 at 49-59.

The GAP's argument that the requested documents are in the public domain is without merit. Plaintiff is trying to determine whether The GAP possessed particular studies prior to this law suit and, therefore, had notice of the information contained in those studies. The GAP has not conceded notice.

As to the alleged burden imposed by Plaintiff's request, The GAP should have raised this issue with Plaintiff when the parties were conferring about the production. Although The GAP may have over 3,000 stores worldwide and 150,000 employees, it is highly unlikely that responsive documents would be found in the retail stores. Without more information regarding the corporate offices or product safety divisions where such documents most likely would be maintained, The GAP's undue burden argument is meritless.

**Conclusion**

Plaintiff's motion to compel is granted. The GAP is to produce the requested documents on or before October 16, 2006, unless the parties reach another agreement. The GAP improperly limited

its responses to make it unclear whether responsive documents exist. The GAP, therefore, must serve amended written responses by October 16, 2006.

In the closing paragraph of the motion, Plaintiff also requested an award of attorneys' fees and costs associated with the pursuit of this matter. The GAP's response did not address the request for sanctions. Because the request was not clearly set out in the motion and was unsupported by any legal authorities or arguments, the Court denies without prejudice the request for attorneys' fees and costs.

**DONE** and **ORDERED** in Orlando, Florida on September 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE